## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LEAH P. HOLLIS,                                   *

            *Plaintiff*,               *

        v.                              *

                     No. 1:19-cv-3555

MORGAN STATE UNIVERSITY, *et al.*,       *

            *Defendants*.              *

  *    *    *    *    *    *    *    *    *    *    *    *

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Morgan State University (the "University"), Gloria Gibson, Glenda Prime, Carolyn Anderson, Myrtle Dorsey, David Wilson, and Leisa Crumpton-Young, by their attorneys, hereby answer the Amended Complaint filed against them by Plaintiff, Leah P. Hollis.  Initially, Defendants deny the unnumbered allegations contained the preamble contained in Section I of Plaintiff's Complaint.  Defendants answer the remaining allegations as follows:

1.    Defendants deny that Plaintiff is the lowest paid professor in her department and that her credentials parallel or exceed those of her male colleagues. Defendants admit the remaining allegations contained in paragraph 1 of the Complaint.

2.    Defendants admit that Plaintiff has published multiple books and other publications and has participated in multiple speaking engagements.  Further, Defendants admit that Plaintiff's research examines workplace bullying in higher education.

Defendants deny that they have harassed or failed to pay Plaintiff equally. Defendants lack information sufficient to admit or deny the remaining allegations contained in paragraph 2 of the Complaint.

3.      Defendants admit that the University hired Plaintiff in 2014 at a salary of $60,000 to teach in the Community College Leadership program, which is in the School of Education and Urban Studies. Defendants deny the remaining allegations contained in paragraph 3 of the Complaint. Further, Defendants aver that Plaintiff's current salary is $68,630.

4.      Defendants admit that the University granted Plaintiff tenure, but deny that the granting of tenure was motivated by the complaint Plaintiff filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). Additionally, Defendants admit that the University denied Plaintiff promotion to the rank of full professor in 2020 and 2021, but deny that that Plaintiff's sex was the basis of those denials. Defendants also admit that the EEOC issued a determination letter for Plaintiff's 2018 EEOC Charge of Discrimination, but deny the conclusions set forth therein. Further, Defendants aver that they rejected the EEOC's conciliation recommendation because the proposed terms were inconsistent with the underlying facts of Plaintiff's hiring, the setting of her compensation, and the fact that she was granted tenure. Defendants also aver that EEOC referred Plaintiff's case to the U.S. Department of Justice and that Justice Department declined to file suit on Plaintiff's behalf.

5.     Defendants that Plaintiff has requested that the University assign her new supervisors, but deny the remaining allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

7.     Defendants admit that Plaintiff filed a Charge of Discrimination against the University on September 27, 2017, and, the Equal Employment Opportunity Commission ("EEOC") issued a determination letter finding cause for discrimination.  Defendants aver that the University refused EEOC's proposed conciliation and admit that EEOC referred the case to the United Sates Department of Justice, which declined to file suit and, on September 20, 2019, issued a Notice of Right to Sue Within 90 Days letter. Defendants lack information sufficient to admit or deny that Plaintiff filed a complaint with the United States Department of Labor to enforce her rights under the Family Medical Leave Act ("FMLA").  The remaining allegations contained in paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

8.     Defendants admit that Glenda Prime, Carolyn Anderson, Myrtle Dorsey, and David Wilson live in Maryland, Gloria Gibson lives in Illinois, and that Leisa Crumpton-Young lives in Texas.  The remaining allegations contained in paragraph 8 of

the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9.      Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     The allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.     Defendants admit that Defendant Gloria Gibson was the University Provost and Senior Vice President of Academic Affairs and that she currently resides in Illinois. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 12 of the Complaint because the phrase "at all relevant times" is undefined, vague, and ambiguous.

13.     Defendants admit that Glenda Prime was the Chair of the Department of Advanced Studies, Leadership and Policy and later the Dean of the School of Education and Urban Studies. Defendants also admit that Ms. Prime resides in Maryland. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 13 of the Complaint because the phrase "at all relevant times" is undefined, vague, and ambiguous.

14.     Defendants admit that Carolyn Anderson is the Interim Director of the Community College Leadership Program and that she resides in Maryland.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 14 of the Complaint because the phrase "at all relevant times" is undefined, vague, and ambiguous.

15.     Defendants admit that Myrtle Dorsey is the Director of the Community College Leadership Program and that she resides in Maryland.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 15 of the Complaint because the phrase "at all relevant times" is undefined, vague, and ambiguous.

16.     Defendants admit David Wilson is the President of the University and that he resides in Maryland.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 16 of the Complaint because the phrase "at all relevant times" is undefined, vague, and ambiguous.

17.     Defendants admit that Leisa Crumpton-Young was the University Provost and Chief Academic Officer.  Defendants aver that Ms. Crumpton-Young was also the Senior Vice President for Academic Affairs.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 17 of the Complaint because the phrase "at all relevant times" is undefined, vague, and ambiguous.

## IV.  FACTS

18.     Defendants admit that Plaintiff is a black female professor who has worked in higher educations for over two decades.  Defendants are without knowledge or information sufficient to admit or deny that Plaintiff has served in a succession of roles of increasing responsibility and prestige.  Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Defendants deny that Plaintiff met all the prerequisite qualifications for the posted position, including, but not limited to, having a specialization in community college leadership.  Further, Defendants lack information sufficient to admit or deny Plaintiff's claims that she had chaired or served on ten dissertation committees and had held academic leadership positions supervising faculty at two previous institutions. Defendants admit the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit that the University offered Plaintiff an assistant professor position in the Community College Leadership Program with a starting salary of $60,000 and that Plaintiff accepted the position.  Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff was a tenure-track assistant professor. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint. Further, Defendants aver that Plaintiff's initial three-year contract was renewable upon application and approval by the University.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny that Plaintiff's credentials exceeded her male comparators in all material respects and lack information sufficient to admit or deny that Plaintiff chaired any dissertation committees or participated in dozens of invited talks and conferences.  Defendants admit the remaining allegations contained in paragraph 24 of the Complaint, but also aver that Plaintiff's publications included at least one self-published book and several articles published in non-refereed journals.

25.     Defendants admit that the University hired Dr. Kmt G. Shockley in 2010 at a salary of $85,000 and that he had eight years of teaching experience, including one year as an associate professor.  Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit that the University hired Dr. Christopher Sean Robinson as an associate professor in 2012 with a starting salary of $80,000.  Further, Defendants admit that at the time of his hiring Dr. Robinson had eight years of teaching experience at the time of his hiring, experience in higher education administration, and had chaired multiple dissertation committees.  Defendants also admit that the University promoted Dr. Robinson to the rank of full professor in 2020 and that his salary upon promotion was increased by $2,500.  Defendants deny the remaining allegations contained in paragraph

26 of the Complaint.  Further, Defendants aver that as of January 2020, Plaintiff's annual salary was $67,285 and Dr. Robinson had an annual salary of $98,971.  Finally, Defendants aver that Plaintiff current salary is $68,630.70.

27.     Defendants admit that the University hired Needham Gulley in 2014 at an annual salary of $63,000 and that he had no prior full-time teaching experience. Defendants deny the remaining allegations contained in paragraph 27 of the Complaint. Further, Defendants aver that the "alleged private office" occupied by Dr. Gulley was a converted closet in which he was placed temporarily because the office suite dedicated to the community college program was fully occupied.  Defendants also aver that at the time of his hiring, Dr. Gulley had five publications, two publications under review, and seven years of experience as a student affairs professional.  Finally, Defendants aver that Plaintiff was not given release time during her first academic year because of enrollment numbers, but was granted release time the following academic year.

28.     Defendants admit the allegations contained in paragraph 28 of the Complaint.  Further, Defendants aver that Dr. Davis was already serving as an adjunct and contractual faculty member at the time of his hiring as a tenure-track assistant professor and that he was serving as the coordinator of the master's program so he had administrative responsibilities, including student recruitment, as well as teaching responsibilities.

29.     Defendants admit that the University hired Omari Jackson in 2016 at a salary of $65,000 and that he had authored one peer-reviewed article and one book

chapter.  Defendants aver that Mr. Jackson was hired from the University's Sociology Department and that he was given the same salary that he earned in his previous position. Defendants admit the remaining allegations contained in paragraph 29 of the Complaint, but also aver that Dr. Gaulee had community college experience; Mr. Jackson is the lone sociologist in the department and filled a need within the department, and Dr. Hicks is the lone faculty member with a degree relating to higher education law.

30.     Defendants admit that the University hired Dr. Bista in 2017 at an annual salary of $71,000.  Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31.     Defendants lack information or knowledge sufficient to respond to paragraph 31 of the Complaint because Plaintiff has failed to identify the time-frame from which Plaintiff chose the identified salaries.

32.     Defendants admit that Plaintiff acknowledged receipt of the faculty handbook which includes the Promotion and Tenure Policy.  Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.  Further, Defendants aver that the Promotion and Tenure Policy requires that an assistant professor shall submit an application for promotion and tenure or an application for a second three-year contract no later than the third Monday in September of the professor's second year of employment.

33.     Defendants deny that the Tenure Policy requires a mandatory review and notice of a decision to grant or deny a second three-year contract by the end of the first

year of employment.   Defendants lack information sufficient to admit or deny the remaining allegations contained in paragraph 33 of the Complaint.   Further, Defendants aver that Plaintiff failed to apply for a second three-year contract at the beginning of her second year of employment with the University.

34.   Defendants deny the allegations contained in paragraph 34 of the Complaint.   Further Defendants aver that Plaintiff was granted tenure and promoted to the rank of associate professor in the spring of 2019.

35.   Defendants admit that Plaintiff submitted a dossier to Dr. Prime on April 9, 2015.   Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.   Further, Defendants aver that the April 2015 dossier was submitted for the purpose of Plaintiff's annual departmental review.

36.   Defendants deny that the University and Dr. Prime suppressed Plaintiff's April 2015 and that the dossier was submitted for the purpose of applying for a second three-year contract.   Further, Defendants aver that Plaintiff did not apply for a second three-year contract until 2018 and, therefore, was not entitled to notice that she was either granted or denied a second three-year contract.   Defendants admit that the University continued to schedule Plaintiff to teach graduate level courses.   Defendants deny the remaining allegations contained in paragraph 36.

37.   Defendants admit that Plaintiff applied for tenure and promotion at the start of her third academic year (in September 2016), as alleged in paragraph 37 of the Complaint, but aver that the application was late and should have been submitted at the

start of her second academic year (in September 2015).  Defendants further aver that Plaintiff failed to submit an application for a second three-year contract or tenure and promotion application and dossier at the start of her second academic year as required by the Tenure Policy.

38.     Defendants admit that Dr. Anderson was the interim director of the Community College Leadership Doctoral Program.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 38 of the Complaint.

39.     Defendants admit that Plaintiff applied for the Director of Community College Leadership Doctoral Program position and that the qualifications included experience in teaching, research, and service suitable for the rank of full professor.  Further, Defendants aver that experience with upper level administration in a community college was also a requirement.  Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40.     Defendants admit that Plaintiff received a letter from Provost Gibson granting her an extension of time and in which she was encouraged to strengthen her dossier to satisfy the tenure criteria, as alleged in paragraph 40 of the Complaint.

41.     Defendants admit that the APT policy requires review by:  the Department Committee, the School Committee, the Dean, the Provost, and the President, but deny that the University failed to follow its own procedures in reviewing Dr. Hollis's application.  Additionally, Defendants aver that Plaintiff's application for promotion and

tenure was void because she failed to apply timely for tenure and that instead of being considered for promotion and tenure, Plaintiff was considered for and granted a second three-year contract.   Defendants lack information sufficient to admit or deny the remaining allegations contained in paragraph 41 of the Complaint.

42.   Defendants admit that the School Committee member's recommendation forms are dated May 11, 2017, and May 12, 2017, but deny the remaining allegations contained in paragraph 42.   Further, Defendants aver that Provost Gibson's letter recommending deferral of her application was dated May 17, 2017, and ,therefore, was executed at least five days after the dates on the School Committee member's recommendation forms.

43.   Defendants admit that Plaintiff timely appealed the deferral of her application, but deny the substantive allegations contained in that appeal and as set forth in paragraph 43 of the Complaint.

44.   Defendants admit that by letter dated May 24, 2017, President Wilson offered to allow Plaintiff to reapply for tenure or to choose termination effective June 2018.   Defendants deny the remaining allegations contained in paragraph 44 of the Complaint.

45.   Defendants admit that on May 30, 2017, Plaintiff appealed President Wilson's decision.   Defendants deny the substantive allegations contained in that appeal and as set forth in paragraph 45 of the Complaint.

46.     Defendants admit that Plaintiff met with Provost Gibson in June 2017 and that Provost Gibson questioned Plaintiff about her fall 2016 submission.   Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants admit that Plaintiff refused Provost Gibson's offer to continue on tenure-track on condition that she resubmit her tenure application by the fall of 2018. Defendants deny the remaining allegations contained in paragraph 48 of the Complaint.

49.     Defendants admit that, by letter dated June 26, 2017, Plaintiff appealed the University's decision to extend her tenure.   Defendants deny the allegations in that letter and as set forth in paragraph 49 of the Complaint.

50.     Defendants admit that Plaintiff's appeal had not been decided by August 24, 2017, and that Provost Gibson acknowledged the appeal and apologized for the delay. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 50 of the Complaint.

51.     Defendants admit that Plaintiff was assigned classes to teach in the fall of 2017, but deny that such assignment signified the beginning of a second three-year faculty contract.  Defendants deny the remaining allegations contained in paragraph 51 of the Complaint.   Further, Defendants aver that by letters dated December 12, 2017, President Wilson and Provost Gibson, on behalf of the University, effectively denied

Plaintiff's appeal and provided a procedure by which she could apply for a second three-year contract.

52.     Defendants admit that the search committee convened on September 7, 2017, and that, on September 8, Dr. Prime notified Plaintiff that she was no longer being considered for the position of CCLDP Director.   Further, Defendants aver that the materials for all applicants were forwarded to committee members for review and consideration in advance of September 7, 2017.

53.     Defendants deny that Plaintiff was not provided with an explanation for the decision not to offer her the director position and that the finalist did not qualify for the position.  Defendants admit that Dr. Dorsey lacked graduate teaching experience and had not supervised a dissertation committee.  Defendants deny the remaining allegations contained in paragraph 53 of the Complaint.  Further, Defendants aver that Dr. Dorsey had extensive administrative experience in the community college sector and had been Chancellor of a system of 60,000 community college students.

54.     Defendants deny that it did not treat Plaintiff equally, but admit the remaining allegations contained in paragraph 54 of the Complaint regarding Plaintiff's filing of charges.  Further, Defendants aver that pursuant to University policy, the University's Director of Diversity, EEO and Title IX Coordinator is responsible for investigating and responding to information requests from the Equal Employment Opportunity Commission relating to charges of discrimination and, therefore, does not

issue findings on internal complaints if a claimant files a charge with the EEOC on the same claims.

55.     Defendants admit that Catherine Martin, a white female, filed an internal complaint against Dr. Prime in the fall of 2017.  Defendants deny that the University EEO office did not act on the complaint and aver that the complaint was investigated and found to be without merit.  Defendants deny that Dr. Prime established the salary for Ms. Martin.  Further, Defendants aver that in 2017, Ms. Martin was converted from a 9.5-month employee to a 12-month employee and, therefore, received an increase in pay.

56.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.     Defendants admit that Dr. Anderson, Interim Director of the Department of Advanced Studies, attended dissertation defenses of Dr. Hollis's students.  Further, Defendants aver that it was Dr. Anderson's practice to attend dissertation defenses for students advised by faculty members within the department.  Defendants deny the remaining allegations contained in paragraph 58 of the Complaint.

59.     Defendants admit that on December 12, 2017, the University informed Dr. Hollis that it had rejected her appeal of the denial of her application for promotion and tenure and that the review of the application for promotion and tenure was void because it was filed late.  Further, Defendants aver that Department Chair, the Dean, the Provost,

the Department Committee, and the School Committee reviewed the application for promotion and tenure.  Finally, the Defendants deny that the rejection of Plaintiff's appeal and the voiding of the review of her application were retaliation in response to her filing of a discrimination charge with the EEOC.

60.     Defendants deny that Plaintiff has valid gender discrimination and unequal pay claims as alleged in paragraph 60 of the Complaint.  Defendants lack information sufficient to admit or deny the remaining allegations contained in paragraph 60 of the Complaint.

61.     Defendants admit that the University advised Plaintiff that she was an at-will employee.  Defendants deny the remaining allegations contained in paragraph 61 of the Complaint.  Further, Defendants aver that as of December 2017, Plaintiff was, by law, an at-will employee because her initial three-year contract had expired in June 2017 and she had failed to apply for a second three-year contract or file a timely application for tenure.

62.     Defendants admit the allegations contained in paragraph 62 of the Complaint.  Further, in response to the last sentence in the paragraph, Defendants aver that Dr. Prime advised Plaintiff that the Department of Advanced Studies, Leadership, and Policy, not the Plaintiff, held the responsibility for ensuring coverage of the teaching and supervision of students in Plaintiff's absence.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.  Further, Defendants aver that on January 18, 2018, Kendle Cross, on behalf

of Dr. Anderson, sent an email to all department faculty, including Plaintiff, advising them to contact Dr. Anderson to express interest in teaching summer classes. Defendants lack knowledge or information sufficient to admit or deny that Plaintiff learned of the January 18, 2018, Cross e-mail from another source.

64.   Defendants admit that on January 19, 2018, Plaintiff emailed Kendle Cross to express interest in teaching two online sections of Introduction to Qualitative Research, courses which she had taught in previous years and for which she had been paid approximately $3,800, in 2016 and 2017. Defendants lack information or knowledge sufficient to admit or deny that Plaintiff was paid $3,800 in 2015. Defendants further aver, however, that Plaintiff was not the first faculty member to request the two Introduction to Qualitative Research sections; one of the sections was filled by another faculty member with expertise in the subject matter and the remaining section was offered to Plaintiff. Defendants also aver that Plaintiff did not respond to this offer until January 25, 2018. Defendants deny the remaining allegations contained in paragraph 60 of the Complaint.

65.   Defendants admit that Dr. Anderson advised Plaintiff that the University would need to use her office area during her absence and that the University removed and stored her personal items until her return. Defendants deny that Plaintiff's desk was clear of all personal items. Defendants aver that Plaintiff advised Dr. Anderson that her desk was usable and that she did not keep many papers in the desk. Defendants also aver that Plaintiff had previously offered the use of the desktop computer in her office space to

other faculty and students. Finally, Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 65 of the Complaint.

66.     Defendants admit the allegations contained in paragraph 66 of the Complaint.

67.     Defendants admit the allegations contained in paragraph 67 of the Complaint.

68.     Defendants admit that Provost Gibson communicated with Plaintiff, in which she acknowledged receipt of the dossier and informed Plaintiff of the requirement that she submit an application, but deny any allegation or inference that Provost Gibson's actions were improper or contrary to University policies. Defendants further deny that Provost Gibson was imposing a new application process on Plaintiff or that Provost Gibson harassed Plaintiff.

69.     Defendants lack information sufficient to admit or deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants admit that Plaintiff returned to the University on April 2, 2018, and that she was not assigned any classes to teach for the 2018 spring semester. Defendants aver that Plaintiff was not given any teaching assignments because the five-week spring term began on April 3, 2018, and Plaintiff's April 2 return from FMLA did not allow her adequate time to prepare for classes. Defendants deny that the term "hiatus" was used to describe Plaintiff's status, but admit that she was required to provide

reports on her dissertation students so that the University could track the student's transition from working with Dr. Boykin to working with Plaintiff. Defendants deny the remaining allegations contained in paragraph 70 of the Complaint and aver that Dr. Dorsey advised Plaintiff that FMLA guaranteed Plaintiff could return to a position, but not necessarily the same duties.

71.    Defendants admit that Plaintiff submitted reports for the last five weeks of the 2018 academic term and that Dr. Boykin submitted only a one-page report reflecting her interaction with the students. Defendants deny that Plaintiff was on hiatus and aver that no other faculty member had taken FMLA during Dr. Dorsey's tenure.

72.    Defendants admit that Plaintiff was assigned to teach only one section of Introduction to Qualitative Research during the Summer of 2018. Plaintiffs deny the remaining allegations contained in paragraph 72 and aver that Plaintiff's contract did not include summer classes and, therefore, her salary was not reduced and she did not lose salary payable under her contract with the University.

73.    Defendants admit the allegations contained in paragraph 73 of the Complaint. Further, Defendants aver that the University's Director of Diversity, EEO and Title IX Coordinator is responsible for investigation and responding to information requests from the EEOC relating to charges of discrimination and, therefore, once Plaintiff filed a charge with the EEOC, the director did not perform an internal investigation, but, instead, acted as the University's representative in the EEOC matter.

74.     Upon information and belief, Defendants believe that J.D., as referred to in paragraph 74, refers to Joseph Drew and admit that Mr. Drew submitted a written complaint to Dr. Dorsey, which included complaints about the treatment of Plaintiff and Dr. Gillett-Karam.  Defendants deny the allegations in Mr. Drew's written complaint and the remaining allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny that Plaintiff was assigned only one of the courses she requested to teach in the summer of 2019 and that Dr. Dorsey mocked Plaintiff. Defendants admit the remaining allegations contained in paragraph 76 of the Complaint.

77.     Defendants admit that Plaintiff emailed Dr. Dorsey in the spring of 2019 to assert her rights under FMLA and that Dr. Bista requested the classes prior to Plaintiff. Further, Defendants aver that Plaintiff was assigned two sections of her desired course for the summer of 2019.  Defendants deny the remaining allegations contained in paragraph 73 of the Complaint.

78.     Defendants admit that Plaintiff emailed Sally Swann to complain about alleged retaliation, but deny the remaining allegations contained in paragraph 78 of the Complaint.

79.     Defendants admit that faculty members travel to conferences and seek reimbursement for their travel.  Further, Defendants aver that there are limited funds available to reimburse travel for members of the Community College Leadership

Program.  Defendants deny the remaining allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny that Dr. Anderson was promoted to interim chair, but admit the remaining allegations contained in paragraph 80 of the Complaint except as noted herein.  Defendants aver that Dr. Anderson was hired as interim chair and that as interim chair was concerned about being asked to approve travel and sign travel authorizations for a trip that had already occurred and was not documented with the required authorization forms.  Finally, Defendants aver that Dr. Anderson signed the forms authorizing reimbursement.

81.     Defendants lack information sufficient to admit or deny Plaintiff's claims that she continues to travel at her own expense despite the University's alleged refusal to reimburse her for travel.  Defendants admit that Plaintiff requested a $300 travel reimbursement, but deny the remaining allegations contained in paragraph 81 of the Complaint.  Further, Defendants aver that there are limited funds available for travel reimbursement each year and that requests for reimbursement by other faculty members are also routinely denied.

82.     Defendants admit that Dr. Dorsey awarded Plaintiff $300 in travel funds. Defendants aver that this award is consistent with the awards paid to other faculty members and that all awards are limited by the general lack of funding in the program. Defendants also aver that the program is funded through a grant from the Department of Education through its Strengthening Institutions Program and that the amount of funds

available annually is not known until approximately September of each year.  The grant's fiscal year starts October 1.  Further, Defendants aver that once funds become available the University first designates those funds for salaries and then sets aside money for travel.  Finally, Defendants aver that Plaintiff was unable to use the $300 to reimburse her for airfare because she did not follow the University's travel procedures and purchased her airline ticket without using the University's required travel agency.  Defendants deny the remaining allegations contained in paragraph 82 of the Complaint.

83.    Defendants admit that the University granted Plaintiff tenure in the spring of 2019, that Dr. Prime did not support Plaintiff's application, and that the other voting faculty members supported Plaintiff's application.   Defendants deny the remaining allegations contained in paragraph 83 of the Complaint.

84.    Defendants admit that Plaintiff is a tenured associate professor at the University, that Dr. Gulley's initial salary was $63,000, and that Plaintiff is paid less than Wilbur Hicks.  Defendants aver that in some years a portion of the money paid to Wilbur Hicks is attributable to additional teaching duties as an adjunct in the Higher Education Division.  Defendants lack information sufficient to admit or deny that Plaintiff has a national and international reputation.   Defendants deny the remaining allegations contained in paragraph 84 of the Complaint.

85.    Defendants admit that Plaintiff applied for promotion to full professor, but deny the remaining allegations contained in paragraph 85 of the Complaint.  Further,

Defendants aver that Google Scholar rankings provide an insufficient basis for tenure consideration because they do not consider the scholarly worth of a publication.

86.     Defendants admit that Plaintiff requested that the University recuse Dr. Prime from reviewing her application for promotion on the basis of Plaintiff's perception that Dr. Prime would discriminate against her and deny the application . Defendants aver that Provost Crumpton-Young offered Plaintiff the option of having a second dean from outside the School of Education and Urban Studies conduct a separate review of Plaintiff's dossier as counterbalance to Plaintiff's perceived discrimination by Dr. Prime and that Plaintiff rejected this option.   Defendants deny the remaining allegations contained in paragraph 86.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.  Defendant aver that on March 13, 2020, Provost Crumpton-Young informed Plaintiff that she could not support Plaintiff's application for promotion and that President Wilson would inform Plaintiff of the final decision on her application. Defendant's also aver that Plaintiff's application was reviewed by the Department Committee comprised of three faculty members from Plaintiff's own department, the School Committee comprised of five faculty members from the School of Education and Urban Studies, Dr. Prime as Dean of the School of Education and Urban Studies, and Provost Young.  Each exercised their own independent judgement in reviewing Plaintiff's application, and none had the ability to single-handedly deny her application for promotion.

88.     Defendants admit that Plaintiff contacted Dr. Prime and asked how should could improve her application and that Dr. Prime referred Plaintiff to the Provost. Additionally, Defendants aver that Provost Crumpton-Young offered to meet with Plaintiff to provide general guidance as to how Plaintiff could improve her application. Plaintiff rejected the offer.   Defendants deny the remaining allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny that on March 17, 2020, Plaintiff appealed the denial of her promotion to full professor.   Defendants aver that on March 17, 2020, Plaintiff appealed the Provost's negative recommendation of her application for promotion to full professor.   Defendants admit that Plaintiff alleged discrimination, retaliation, and procedural errors.   Defendants deny the remaining allegations contained in paragraph 89 and the allegations raised in Plaintiff's appeal.

90.     Defendants admit the allegations contained in paragraph 90 of the Complaint.

91.     Defendants admit that Provost Crumpton-Young rejected Plaintiff's appeal because she was a tenured professor and that previous provosts allowed tenured professors to appeal.   Defendants deny the remaining allegations contained in paragraph 91 of the Complaint.

92.     Defendants admit that Plaintiff submitted a second application for promotion to full professor on September 21, 2020.   Defendants are without knowledge

of information sufficient to deny the remaining allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny that Provost Crumpton-Young advised Plaintiff that her application for promotion was being "denied at this time."  Defendants aver that Provost Crumpton-Young advised Plaintiff that she was "*recommending* to President Wilson that [Plaintiff's] application for promotion...be denied at this time."  Defendants admit the remaining allegations contained in paragraph 93.

94.     Defendants admit that Provost Crumpton-Young informed Plaintiff that she had the right to appeal her negative recommendation and that she cited a later version of the APT Policy.  Defendants deny the remaining allegations contained in paragraph 94.

95.     Defendants admit that Plaintiff appealed the negative recommendation and that Provost Crumpton-Young denied the appeal.   Defendants deny the remaining allegations contained in paragraph 95 and the allegations contained in Plaintiff's appeal.

96.     Defendants admit that Uttam Gaulee and Krista Bista were promoted to the rank of full professor, that they were hired after Plaintiff, and that they are paid more than Plaintiff.  Defendants deny the remaining allegations contained in paragraph 96.  Further, Defendants aver that publications are judged on the basis of quantity and quality.

97.     Defendants deny that they have retaliated against Plaintiff.  Defendants admit that Plaintiff applied for an open position in the Higher Education and Student Affairs Administration Program ("HESAAP") with a starting salary range between $70,000 and $90,000, but are without knowledge or information sufficient to admit or

deny the remaining allegations contained in paragraph 97 of the Complaint, and therefore deny them.

98.    Defendants admit that Plaintiff had qualifications for the position and she was not offered the position. Further Defendants aver that Dr. Robinson advised Plaintiff that Plaintiff was not offered the position because the HESAAP did not want to take her away from the Community College Leadership program.    Defendants lack sufficient information to admit or deny Plaintiff's allegations regarding "financial relief" and deny the remaining allegations of the paragraph.

99.    Defendants admit that Plaintiff has alleged unfair pay practices by the University, but deny those claims and the remaining allegations in paragraph 99 of the Complaint.

100.    Defendants admit that the University promoted three male professors to full professor between 2019 and 2021 and that two female professors were denied promotion to full professor.    Defendants also admit that the University denied a third female professor promotion in 2015.  Defendants also admit that Plaintiff has complained about her pay.  Defendants deny the remaining allegations contained in paragraph 100 of the Complaint.  Defendants aver that each professor's application for promotion was subject to review by the Department and School Committees, the Dean, the Provost, and the President, such that no single individual could affect the outcome of the vote.  Defendants also aver that the University provided Plaintiff with the standard pay increases when the

University promoted her to associate professor and granted her tenure. Finally, Defendants aver that the form Plaintiff submitted was not a form intended for faculty use.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

## V.  CLAIMS

### COUNT 1 – EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX

#### *Title VII*

102. Defendants incorporate their responses to paragraphs 1 through 101 herein by reference.

103. The allegations contained in paragraph 103 of the Complaint constitute statements of law to which no response is required. To the extent a response is required, the allegations are denied.

104. Defendants admit the allegations contained in paragraph 104 of the Complaint.

105. Defendants admit that Plaintiff is qualified for the position she holds, but deny the remaining allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

## COUNT II – EMPLOYMENT DISCRIMINATION OF THE BASIS OF SEX

### *Maryland State Law*

108.    Defendants incorporate their previous responses to paragraphs 1 through 107 herein by reference.

109.    The allegations contained in paragraph 109 of the Complaint constitute statements of law to which no response is required.

110.    Defendants admit the allegations contained in paragraph 110 of the Complaint.

111.    Defendants admit that Plaintiff is qualified for the position she holds, but deny the remaining allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in paragraph 113 of the Complaint.

## COUNT III – PAY DISCRINATION ON THE BASIS OF SEX

### *Equal Pay Act*

114.    Defendants incorporate their previous responses to paragraph 1 through 113 herein by reference.

115.    The allegations contained in paragraph 115 of the Complaint constitute statements of law to which no response is required.

116.    Defendants admit that the University employ Dr. Hollis and male employees as assistant, associate, and full professors, but denies the remaining allegations contained in paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the Complaint.

## COUNT IV – PAY DISCRIMINATION ON THE BASIS OF SEX

### *Maryland State Law*

122.    Defendants incorporate their previous responses to paragraphs 1 through 122 herein by reference.

123.    The allegations contained in paragraph 123 of the Complaint constitute statements of law to which no response is required.

124.     Defendants admit that the University employs Dr. Hollis and male employees as assistant, associate, and full professors, but denies the remaining allegations contained in paragraph 124 of the Complaint.

125.     Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.     Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.     Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.     Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.     Defendants deny the allegations contained in paragraph 129 of the Complaint.

## COUNT V – RETALIATION

### *Title VII*

130.     Defendants incorporate their previous responses to paragraphs 1 through 129 herein by reference.

131.     The allegations contained in paragraph 131 of the Complaint constitute statements of law to which no response is required.

132.     Defendants admit the allegations contained in paragraph 132 of the Complaint.

133.    Paragraph 133 contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff filed complaints with the EEOC and with the University, but deny the allegations contained in such complaints.

134.    Defendants admit that Plaintiff has requested a change in supervisors, but deny the allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

## COUNT VI – RETALIATION

### *Maryland State Law*

137.    Defendants incorporate their previous responses to paragraphs 1 through 136 herein by reference.

138.    The allegations contained in paragraph 138 of the Complaint constitute statements of law to which no response is required.

139.    Defendants admit the allegations contained in paragraph 124 of the Complaint.

140.    Paragraph 140 contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff filed

complaints with the EEOC and with the University, but deny the allegations contained in such complaints.

141.   Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.   Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.   Defendants deny the allegations contained in paragraphs 143 of the Complaint.

## COUNT VII – EMPLOYMENT DISCRIMINATION & RETALIATION ON THE BASIS OF SEX

### Title IX of the Education Amendment of 1972

144.   Defendants incorporate their previous responses to paragraphs 1 through 143 herein by reference.

145.   The allegations contained in paragraph 145 of the Complaint constitute statements of law to which no response is required.

146.   Defendants admit the allegations contained in paragraph 146 of the Complaint.

147.   Defendants admit the allegations contained in paragraph 147 of the Complaint.

148.   Defendants deny the allegations contained in paragraph 148 of the Complaint.

149. Defendants admit that Plaintiff made various complaints, but deny that such complaints had merit.

150. Defendants deny the allegations contained in paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in paragraph 152 of the Complaint.

## COUNT VII – SECTION 1983 EQUAL PROTECTION

### *Section 1983 and the Equal Protect Clause of the Fourteenth Amendment of the U.S. Constitution*

153. Defendants incorporate their previous responses to paragraphs 1 through 152 herein by reference.

154. The allegations contained in paragraph 154 of the Complaint constitute statements of law to which no response is required.

155. Defendants deny the allegations contained in paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in paragraph 157 of the Complaint.

## COUNT IX – DISCRIMINATORY COMPENSATION PRACTICES

*Maryland State Law*

158.    Defendants incorporate their previous responses to paragraphs 1 through 157 herein by reference.

159.    The allegations contained in paragraph 159 of the Complaint constitute statements of law to which no response is required.

160.    Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in paragraph 163 of the Complaint.

## COUNT X – FAMILY MEDICAL LEAVE ACT
## INTERFERENCE & RETALIATION

*Family Medical Leave Act*

164.    Defendants incorporate their previous responses to paragraph 1 through 163 herein by reference.

165.    The allegations contained in paragraph 165 of the Complaint constitute statements of law to which no response is required.

166.    The allegations contained in paragraph 166 of the Complaint constitute statements of law to which no response is required.

167.    The allegations contained in paragraph 167 of the Complaint constitute statements of law to which no response is required.

168.    Defendants admit the allegations contained in paragraph 168 of the Complaint.

169.    Defendants admit the allegations contained in paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in paragraph 170 of the Complaint.

171.    The allegations contained in paragraph 171 of the Complaint constitute statements of law to which no response is required.  To the extent a response is required, the allegations are denied.

172.    Defendants deny the allegations contained in paragraph 172 of the Complaint.

173.    Defendants deny the allegations contained in paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in paragraph 174 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendants assert all applicable limitations defenses, including but not limited to the following defenses.  Plaintiff has failed to exhaust administrative remedies for conduct that occurred more than 300 days prior to the filing of the Title VII charges and, therefore claims based on such conduct are barred.  Plaintiff's claims under Count III (the Equal Pay Act claim) are barred to the extent such claims arose before December 13, 2017 (two years before the date of the filing of the original Complaint).  In addition, Plaintiff's claims arising under Maryland law (Counts II, IV, VI, and IX) are barred in whole or part by the statute of limitations applicable to such claims.   Finally, Plaintiff's claims under Count VIII (Section 1983 claims) are barred for any conduct occurring before December 13, 2016 (three years before the date of the filing of the original Complaint).

### Third Affirmative Defense

Defendants Gloria Gibson, Glenda Prime, Carolyn Anderson, Myrtle Dorsey, and Leisa Crumpton-Young David Wilson do not qualify as employers under Title VII and the Family Medical Leave Act in their individual capacities and are, therefore, entitled to dismissal of those claims.

### Fourth Affirmative Defense

Plaintiff's claims arising under Maryland law (Counts II, IV, VI, and IX) are barred by Maryland's sovereign immunity and by Eleventh Amendment Immunity.

**Fifth Affirmative Defense**

Plaintiff's claims against the Individual Defendants in their official capacities, and her claims against the University, in Count VIII (Section 1983 claim) are barred by sovereign immunity and Eleventh Amendment Immunity.

**Sixth Affirmative Defense**

Plaintiff's claims against the Individual Defendants in their individual capacities in Count VIII (Section 1983 claim) are barred by qualified immunity.

**Seventh Affirmative Defense**

Plaintiff has failed to exhaust administrative remedies for conduct that occurred after September 27, 2017, when she filed her first EEOC charge (referenced in Paragraph 54 of the Complaint).

**Eighth Affirmative Defense**

Plaintiff's claims for discrimination and retaliation based on the University's March 13, 2020, denial of her application for promotion to full professor (referenced in paragraph 87) are barred because Plaintiff failed to file suit within 90 days of the issuance of the February 9, 2021 Notice of Right to Sue by the Equal Employment Opportunity Commission.

**Ninth Affirmative Defense**

Plaintiff has failed to exhaust administrative remedies for claims based on the May 17, 2021, negative recommendation referenced in paragraph 93 of the Complaint.

**Tenth Affirmative Defense**

All claims against Defendant Lesia Crumpton-Young in her official capacity should be dismissed because she is no longer employed by or affiliated with the University or the State of Maryland.

WHEREFORE, having fully answered the Complaint, Defendants request that the Complaint be dismissed with prejudice or, in the alternative, that judgment be entered in favor of Defendants on all claims against them in the Complaint.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Raymond R. Mulera

_____
RAYMOND R. MULERA  #09454
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 17th Floor
Baltimore, Maryland  21202
rmulera@oag.state.md.us
(410) 576-7053
(410) 576-6437 (facsimile)

August 9, 2021                          Attorneys for the Defendants

**CERTIFICATE OF SERVICE**

I certify that, on this 9th day of August, 2021 the foregoing was served by

CM/ECF on all registered CMF users and by first-class mail on the following:

> Aderson B. Francois, Esq.
> 600 New Jersey Avenue NW
> Suite 352
> Washington, District of Columbia  20001
> aderson.francois@georgetown.edu

/s/ Raymond R. Mulera

_____

Raymond R. Mulera