IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEAH P. HOLLIS, | * |
| *Plaintiff*, | * |
| v. | *   No. 1:19-cv-3555-LKG |
| MORGAN STATE UNIVERSITY, *et al.*, | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION FOR AN ORDER EXTENDING THE DISCOVERY DEADLINE AND PERMITTING ALTERNATIVE/SUBSTITUTED SERVICE OF PROCESS AS TO NON-PARTY WITNESS STEVE LEBOON

Defendants Morgan State University, Gloria Gibson, Glenda Prime, Carolyn Anderson, Myrtle Dorsey, Lesia Crumpton-Young and David Wilson, by and through their undersigned counsel, hereby file this Motion for an Order Extending the Discovery Deadline and Permitting Alternative/Substituted Service of Process as to Non-Party Witness Steve LeBoon. As grounds for this motion, Defendants state as follows:

1. In this employment dispute, Plaintiff has produced an affidavit dated March 4, 2020, signed by Steve LeBoon[1], in which Mr. LeBoon describes statements allegedly

---

[1] Mr. LeBoon has been described by the U.S. District Court for the Eastern District of Pennsylvania as "a serial *pro se* litigant" and "zealously litigious." *LeBoon v. Scottrade, Inc.*, Civ. No. 18-2, 2018 WL 10128025, at \*1 (E.D. Pa. Aug. 24, 2018). In a lawsuit that Mr. LeBoon filed against a former employer alleging discrimination and retaliation, the U.S. District Court for the Eastern District of Pennsylvania determined, and the Third Circuit affirmed, "that LeBoon was personally responsible for causing [a]

made by Defendant Glenda Prime with respect to Plaintiff. Specifically, Mr. LeBoon claims in his affidavit that Defendant Prime told him on August 20, 2014, that "[Plaintiff] will never receive her tenure because she is a reject lesbian who will never receive her tenure while I maintain my office." **Exhibit A**. Mr. LeBoon also attests that Defendant Prime stated: "my boys get the crown jewel, not a foul mouth reject lesbian, Dr. Hollis will never receive my blessing of any tenure at my University." **Exhibit A**. Mr. LeBoon further claims in his affidavit that on or about August 21, 2014, Defendant Prime told him that Plaintiff is "a disgusting lesbian and another reason why I unpaid her so she will leave my campus, very soon!." **Exhibit A**.

2.     Defendant Prime denies that she ever made such statements about Plaintiff to Mr. LeBoon or anyone else. **Exhibit B**. As such, it is Defendants' contention that Mr. LeBoon's affidavit contains material fabrications of fact. Defendants seek to depose Mr. LeBoon regarding the contents of his affidavit, his relationship with Plaintiff, and other relevant matters.

3.     For instance, Plaintiff and Mr. LeBoon appear to have known each other since at least 2012, when Plaintiff submitted a letter of reference on behalf of Mr. LeBoon, which Mr. LeBoon subsequently sought to have admitted as evidence in a lawsuit that he filed against a former employer in 2014. *See* **Exhibit C** at 10, ¶ p; **Exhibit D**.

---

mistrial, had acted willfully and in bad faith, and was unlikely to succeed on the merits." *LeBoon v. Alan McIlvain Co.*, 628 F. App'x 98, 99-100 (3d Cir. 2015).

4. Counsel for Defendants has made multiple attempts to serve Mr. LeBoon with subpoenas commanding his attendance at a deposition in this matter and the production of specified documents at 1025 Westview Terrace, Dover, Delaware 19904, which is the address provided by counsel for Plaintiff as well as the address listed for Mr. LeBoon in Kent County, Delaware property records. **Exhibits E & F**.

5. Specifically, on January 7, 2022, and January 10, 2022, private process servers hired by Defendants attempted to serve Mr. LeBoon with two subpoenas at 1025 Westview Terrace, Dover, Delaware 19904.[2] The attached affidavit of Defendants' private process server, Kelly Jansen, which is incorporated herein by reference, states the reasons for Defendants' belief that Mr. LeBoon currently resides at 1025 Westview Terrace, Dover, Delaware 19904, and is acting to evade service of process. *See* **Exhibits H & I**.

---

[2] Although Mr. LeBoon's affidavit is dated March 4, 2020, Defendants did not receive it from Plaintiff until April 26, 2021. Undersigned counsel for Defendants initially raised the matter of deposing Mr. LeBoon with Plaintiff's counsel in early November 2021, at which time Plaintiff's counsel indicated that they would contact Mr. LeBoon to schedule his deposition. **Exhibit G**. On December 15, 2021, Plaintiff's counsel informed counsel for Defendants that Mr. LeBoon was unwilling to be deposed in person or by Zoom (but would agree to a deposition by telephone), and that Mr. LeBoon did not authorize counsel for Plaintiff to accept service of Defendants' subpoenas on his behalf. **Exhibit E**. On December 21, 2021, counsel for Defendants requested Mr. LeBoon's home or work address from Plaintiff's counsel, as Plaintiff had only provided a P.O. Box address for Mr. LeBoon in her answers to interrogatories. **Exhibit E**. Counsel for Plaintiff provided Mr. LeBoon's home address to Defendants on January 4, 2022, at which time Defendants proceeded to engage a private process server to serve Mr. LeBoon with Defendants' subpoenas. **Exhibit E**.

6. Defendants also requested assistance from the Sheriff of Kent County, Delaware, in serving amended subpoenas on Mr. LeBoon. However, as set forth in the Sheriff's affidavit, Deputy Mutter of the Kent County, Delaware Sheriff's office was unable to serve Mr. LeBoon at 1025 Westview Terrace, Dover, Delaware 19904, and Mr. LeBoon refused to call Deputy Mutter after Deputy Mutter left several notes for Mr. LeBoon at 1025 Westview Terrace, Dover, Delaware 19904. **Exhibits J & K**.

7. Counsel for Defendants also attempted to contact Mr. LeBoon by phone and email regarding service of the subpoenas. On February 11, 2022, Mr. LeBoon wrote to the undersigned acknowledging that he submitted an affidavit on Plaintiff's behalf in this case but refusing to voluntarily attend a deposition. **Exhibit L**.

8. Counsel for Plaintiff has indicated that he supports Defendants' efforts to depose Mr. LeBoon.

9. Under the foregoing circumstances, Defendants request that the Court issue an Order authorizing substituted/alternative service of process upon Steve LeBoon by taking the following steps, which should ensure that the subpoenas reach Mr. LeBoon:

> (a) By sending the subpoenas by first class mail to Steve LeBoon at 1025 Westview Terrace, Dover, Delaware 19904;
>
> (b) By sending the subpoenas by email to Steve LeBoon at slspiders@gmail.com; and
>
> (c) By posting the subpoenas upon the door of Steve LeBoon's residence at 1025 Westview Terrace, Dover, DE 19904.

10.     Defendants further request that the Court extend the discovery deadline by 30 days in order to allow Defendants sufficient time to serve and depose Mr. LeBoon. Defendants are not seeking an extension of the other deadlines in the current Scheduling Order (ECF 55), such that the requested extension will not cause any delays in the proceedings.

Wherefore, for the reasons stated above, Defendants request that the Court extend the discovery deadline by 30 days for the purpose of allowing Defendants to effect service upon Steve LeBoon in the manner set forth above and to depose Mr. LeBoon.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Lillian L. Reynolds

_____
LILLIAN L. REYNOLDS #30225
CATHERINE A. BLEDSOE #11376
Assistant Attorneys General
Office of the Attorney General
Higher Education Division
200 Saint Paul Place, 17th Floor
Baltimore, Maryland  21202
lreynolds@oag.state.md.us
cbledsoe@oag.state.md.us
(410) 576-6481
(410) 576-6437 (facsimile)

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I certify that, on this 1st day of March, 2022, the foregoing was filed with the Clerk of the Court by CM/ECF and that a hard copy will be delivered to the Court within 48 hours of filing.

/s/ Lillian L. Reynolds
_____
Lillian L. Reynolds