IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEAH P. HOLLIS, | * |
| *Plaintiff*, | * |
| v. | * |
| | No. 1:19-cv-3555-LKG |
| MORGAN STATE UNIVERSITY, *et al.*, | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## JOINT STATUS REPORT

Plaintiff Leah P. Hollis and Defendants Morgan State University, Gloria Gibson, Glenda Prime, Carolyn Anderson, Myrtle Dorsey, Leisa Crumpton-Young and David Wilson, by and through their undersigned counsel and in accordance with the Court's December 5, 2025 Order, submit this Joint Status Report:

1. This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit, where the circuit court held as follows:

> [W]e affirm the district court's grant of summary judgment to the defendants with respect to Dr. Hollis's 2019 and 2020 Title VII sex discrimination claims. We reverse the district court's grant of summary judgment to the defendants with respect to all other claims on appeal. We remand those claims to the district court for further proceedings consistent with this opinion.

*Hollis v. Morgan State Univ.*, 153 F.4th 369, 387 (4th Cir. 2025).

In so holding, the Fourth Circuit did not reach the merits of Plaintiff's Title IX, 42 U.S.C. § 1983, and Maryland Fair Employment Practices Act ("MFEPA") claims arising

from the 2019-20 and 2020-21 promotion cycles, and expressly left those issues for this Court to address in the first instance on remand. *Hollis v. Morgan State Univ.*, 153 F.4th 369, 380-81 (4th Cir. 2025). The Fourth Circuit also identified additional discrimination, retaliation, and wage-discrimination claims as surviving summary judgment, which likewise remain for further proceedings on remand.

2. Following remand, the parties have engaged in renewed settlement discussions. Plaintiff provided a written settlement demand on November 19, 2025. Defendants are continuing to work through their internal review process in order to provide a substantive response.

3. The parties intend to continue these discussions in an effort to determine whether a resolution is possible. At this time, however, the discussions are ongoing, and no agreement has been reached.

4. The parties' respective positions regarding next steps are as follows:

**Plaintiff's Position:** Plaintiff continues to be amenable to further settlement talks, including a future settlement conference before the Honorable Magistrate Judge Chelsea J. Crawford. However, in the absence of a concrete response from Defendants to Plaintiff's demand letter, Plaintiff does not believe scheduling such a conference would be a productive use of the Court's time and resources. While the Fourth Circuit left it to the Court to address on remand the merits of Plaintiff's Title IX, 42 U.S.C. § 1983, and Maryland Fair Employment Practices Act ("MFEPA") claims arising from the 2019-20 and 2020-21 promotion cycles, it is Plaintiff's position that these claims are factually intertwined with Plaintiff's claims the Fourth Circuit determined should survive summary

judgment. Therefore, Plaintiff respectfully requests the Court schedule a pretrial conference. Should the Court determine a pretrial conference is not appropriate at this time, Plaintiff, in the alternative, respectfully requests the Court issue an expedited supplemental briefing schedule on Plaintiff's Title IX, 42 U.S.C. § 1983, and Maryland Fair Employment Practices Act ("MFEPA") 2019-20 and 2020-21 promotion claims. Lastly, should the Court deem further briefing unnecessary, Plaintiff requests the Court direct the parties to submit a further status report regarding settlement discussions no later than thirty (30) days from the date of the present status report.

**Defendants' Position:** Defendants likewise remain willing to continue settlement discussions and to participate in a settlement conference at an appropriate time. However, Defendants do not believe that a pretrial conference is warranted at this stage. Under Local Rule 106, the pretrial conference is accompanied by a proposed pretrial order that requires, among other things, a statement of the facts and legal theories for each claim and defense, stipulations of fact, details of damages claimed and other relief sought as of the date of the pretrial conference, and comprehensive exhibit and witness lists. In Defendants' view, it would be more efficient to address those topics after the Court has addressed the issues left open by the Fourth Circuit's remand and clarified which claims will proceed to trial. In light of the ongoing settlement discussions and the unresolved issues on remand, Defendants respectfully propose that the Court direct the parties to submit another joint status report within ninety (90) days. Defendants further propose that, if the parties jointly conclude before that time that a settlement conference would be

helpful in advancing resolution of this matter, they promptly advise the Court and request that such a conference be scheduled.

Respectfully submitted,

/s/ *Aderson B. Francois*
ADERSON B. FRANCOIS #17449
Georgetown University Law Center
Civil Rights Clinic
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
(202) 661-6739
aderson.francois@georgetown.edu

*Attorney for Plaintiff*

ANTHONY G. BROWN
Attorney General of Maryland

/s/ *Courtney M. Watkins*
COURTNEY M. WATKINS # 21151
SARAH MARQUARDT # 17294
Assistant Attorneys General
Office of the Attorney General
Higher Education Division
200 Saint Paul Place, 17th Floor
Baltimore, Maryland  21202
cwatkins@oag.maryland.gov
smarquardt@oag. maryland.gov
(410) 576-7076

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on this 9th day of January, 2026, the foregoing was served by CM/ECF on all counsel of record.

*/s/ Courtney M. Watkins*
Courtney M. Watkins
