**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | ) | |
| Leah P. Hollis, | ) | Case No. 1:19-cv-03555 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Morgan State University, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR PRETRIAL CONFERENCE**

Plaintiff Leah Hollis, by and through her undersigned counsel, respectfully submits this Motion for a Pretrial Conference in the above-captioned civil matter. In accordance with Federal Rules of Civil Procedure 16(a) and (b) and Local Rule 106, Plaintiff seeks this conference to clarify the need for additional briefing and set a schedule for trial. In support of this Motion, Plaintiff states as follows:

1. This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. *See Hollis v. Morgan State Univ.*, 153 F.4th 369, 387 (4th Cir. 2025). While the Fourth Circuit upheld the District Court's finding that two of Plaintiff's Title VII claims were procedurally barred, it reversed the District Court's grant of summary judgment to the Defendants with respect to all of Plaintiff's other claims. *See id.*

1

2.  As described in the January 9, 2026 Joint Status Report, it is Plaintiff's position that since the Title IX claims are factually intertwined with the claims the Fourth Circuit determined should survive summary judgment, no additional briefing is necessary and the matter should proceed to trial on all of Plaintiff's claims. However, should this Court decide that further briefing is necessary, Plaintiff respectfully requests that a briefing schedule be set during the Pretrial Conference.

3.  In her Amended Complaint, Plaintiff alleged violations of state and federal discrimination laws stemming from her employment at Morgan State University ("MSU"). *See* Pl.'s Am. Compl. 32-43, ECF No. 43-1. First, Plaintiff alleged discrimination on the basis of sex with respect to the denial of her promotion applications in 2016, 2019, and 2020, in violation of Title VII, Title IX, 42 U.S.C. § 1983, and the Maryland Fair Employment Practices Act ("MFEPA"). *See id.* at 32-36, 39-41. The Fourth Circuit found enough circumstantial evidence in the record, "including evidence of pretext," such that a jury could infer that Plaintiff was denied promotion due to sex discrimination. 153 F.4th at 381.

4.  Plaintiff also alleged wage discrimination covering the duration of her employment at MSU, in violation of the federal Equal Pay Act, the Maryland Equal Pay for Equal Work Act, Title VII, and the MFEPA. *See* ECF No. 43-1 at 41-42. Having found a genuine dispute of material fact as to whether Plaintiff was denied promotion on the basis of sex, the Fourth Circuit held that this also "generates a jury question on whether discrimination caused [Plaintiff's] salary to remain lower than her male colleagues'." 153 F.4th at 387.

5. Finally, Plaintiff alleged that MSU unlawfully retaliated against her when it demoted her to at-will status following her first EEOC complaint, in violation of Title VII, Title IX, and the MFEPA. *See* ECF No. 43-1 at 32-36. The Fourth Circuit found that the record contained enough circumstantial evidence of retaliation, including "evidence of temporal proximity between [Plaintiff's] protected activity and her demotion," such that a jury could reasonably infer retaliation. 153 F.4th at 384.

6. Plaintiff provided Defendants with a written settlement demand on November 19, 2025. As of March 16, 2026, Defendants have not provided a substantive response.

7. The parties filed a Joint Status Report on January 9, 2026 in which Plaintiff requested a pretrial conference, briefing schedule, or thirty days for additional settlement discussions. Defendants requested ninety days for additional settlement discussions. This Court ordered the parties continue settlement discussions and submit a Joint Status Report in sixty days.

8. In accordance with this Court's February 4, 2026 Order, Plaintiff contacted Defendants on February 12, 2026 through e-mail to follow up on Plaintiff's November 19, 2025 demand letter. Defendants replied on March 4, 2026, requesting for the first time additional information on how Plaintiff's demands for back pay and attorney's fees were calculated. On March 9, 2026, Plaintiff supplied a chart, detailing the method of back pay calculations, as well as the name, years of experience, and hours spent by every attorney

3

and student on the case. Defendants requested more details on how the attorney's fees were calculated.

9. On March 9, 2026, the parties submitted an updated Joint Status Report. Defendants requested an additional sixty days to prepare and file another Joint Status Report. Plaintiff remains open to settlement discussions; however, it is Plaintiff's position that a Pretrial Conference is necessary to move towards resolution in this case, given that 117 days have elapsed since Plaintiff originally submitted a demand letter without a substantive counteroffer from Defendants.

10. If granted, Plaintiff will prepare a pretrial order in compliance with Local Rule 106.

11. Counsel for Defendants has been consulted and is not in agreement with this request.

12. For the foregoing reasons, Plaintiff respectfully requests that this Court schedule a Pretrial Conference on the earliest convenient date to clarify the need for additional briefing and set a schedule for trial.

Respectfully Submitted,

<u>/s/ Aderson B. Francois</u>
Aderson B. François
Civil Rights Clinic
Georgetown University Law Center

4

600 New Jersey Ave NW
Washington, DC 20001


March 16, 2026                                    *Counsel for Appellants*